# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**FILED**
MAR 0 4 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**CRIMINAL COMPLAINT**

UNITED STATES OF AMERICA

v.

BRETT LEE SCOTT

CASE NUMBER: 5:13-mj-00016 JLT

*(If search warrant is issued regarding this complaint, indicate above the case number assigned.)*

I, **Marty Willis**, being duly sworn, state the following is true and correct to the best of my knowledge and belief. Since on or about July 22, 2012, to on or about January 22, 2013 in Kern County(ies), in the **Eastern** District of **California, and elsewhere**,

> The defendant did willfully interfere, or attempt to interfere, with or disable, with reckless disregard for the safety of human life, anyone engaged in the authorized operation of any aircraft, as defined under Title 49, United States Code, Section 46501(2), or any civil aircraft used, operated, or employed in interstate commerce, to wit: a Kern County Sheriff's Office helicopter, and did knowingly aim the beam of a laser pointer at such aircraft,

in violation of Title 18, United States Code, Section(s) 32(a)(5) and 32(a)(8) and 39A, respectively, with a maximum penalty of 20 years and 5 years imprisonment, respectively, and/or a fine of up to $250,000 dollars, and $100 penalty assessment per violation.

I further state that I am a(n) Special Deputy U.S. Marshal and that this complaint is based on the following facts:

**See** Attached Affidavit.

Continued on the attached sheet and made a part hereof:  X  Yes  ___ No

_____
Signature of Complainant
**Marty R. Willis**

Sworn to before me and subscribed in my presence,

March 4, 2013                    at        Bakersfield, California
(Date)                                       (City and State)

**Jennifer L. Thurston**
U.S. Magistrate Judge

_____
(Signature of Judicial Officer)

## AFFIDAVIT

I, Marty Willis, being duly sworn, do hereby depose and state:

1. I am a deputy sheriff from the Kern County Sheriff's Department and have been so for approximately 28 years. I am currently assigned to the Federal Bureau of Investigation's (FBI) Joint Terrorism Task Force (JTTF), Bakersfield Residence Agency at Bakersfield, California and have been so assigned for the past nine years. As part of my tenure with the FBI's JTTF, I have been deputized a Special Deputy U.S. Marshal, pursuant to Title 28, Federal Code of Regulations, Sections 0.112 and 0.19A, and am charged with the duty of investigating violations of the laws of the United States, as stated in Title 28, Federal Code of Regulations. My responsibilities as a Special U.S. Deputy Marshal include investigating crimes of domestic terrorism to include offenses involving crimes against transportation systems and interference with flight crews.

I have investigated crimes involving laser devices on four separate occasions. On or about September, 1996, while assigned to the Kern County Sheriff's Department Gang Suppression Unit, I was involved in an investigation of a juvenile pointing a red handheld laser at citizens and Kern County Sheriff Deputies attending and working at the Kern County Fair. The laser was confiscated and the Juvenile was arrested for violating California Penal Code section 417.26(a), Laser Scope or Pointer: Aim at Peace Officer.

On or about April 11, 2005, I assisted FBI Special Agent Sean Kaul in a federal investigation involving a red handheld laser device that had been pointed at a Medi-Vac helicopter on approach to land at the Delano Regional Hospital. A federal search warrant was sought, approved and served. The suspect was identified as a juvenile and no federal prosecution was sought.

On or about November, 2007, I was the lead investigator in a federal investigation involving a green hand laser device that was pointed at a Kern County Sheriff's helicopter flying routine patrol in Bakersfield. Two adult suspects were identified, arrested and convicted under Federal statute.

On or about November, 2010, I was the lead investigator in a federal investigation involving a green hand laser device that was pointed at a Kern County Sheriff's helicopter flying routine patrol in Bakersfield. One adult suspect was identified, arrested and convicted under Federal statute.

I oversee and maintain a Kern County LASER Threat Working Group, consisting of Kern County and federal law enforcement and aviation employees. I have provided training regarding the dangers of laser devices targeting aircraft.

I have educated myself by reading articles posted on the Internet and a Congressional Research Article dated January 26, 2005, related to laser devices and the effects laser devices can have if exposed to the eyes. I have used handheld laser pointing devices and laser levels used in construction work. I also know there is a requirement for laser devices to have a danger warning label printed and affixed on all laser devices, and operating instructions accompanying laser devices that I have seen or reviewed, including instructions to avoid exposing lasers to eyes as the laser could cause serious injury to the eye.

This Affidavit is based upon my own personal knowledge of the events set forth herein, as well as information provided to me by other law enforcement personnel. The purpose of this affidavit is made to support a complaint charging that BRETT LEE SCOTT violated Title 18, United States Code, Sections 39A, 32(a)(5) and (a)(8).

Section 39A of Title 18 of the United States Code prohibits knowingly aiming the beam of a laser pointer at an aircraft or its flight path.

Sections 32(a)(5) and (a)(8) of Title 18 of the United States Code prohibit, in pertinent part, an individual from willfully interfering or attempting to interfere with or disabling, with reckless disregard for the safety of human life, anyone engaged in the authorized operation of any aircraft in the Special Aircraft Jurisdiction of the United States or any civil aircraft used, operated, or employed in interstate, overseas or foreign air commerce.

2. This affidavit is made to support a complaint charging BRETT LEE SCOTT with on or about January 22, 2013, in Kern County, State and Eastern District of California, knowingly aiming the beam of a laser pointer at a Kern County Sheriff's Department helicopter or at its flight path, in violation of Title 18, United States Code, Section 39A, and willfully interfering with or attempting to interfere with or disabling or attempting to disable, with intent to endanger the safety of a flight crew aboard a Kern County Sheriff's Department helicopter or with reckless disregard for the safety of human life, a Kern County Sheriff's Department pilot and tactical flight observer during an

in-flight operation, by targeting and aiming the beam of a green laser device, causing disruption and disorientation, in violation of Title 18, United States Code, Sections 32 (a)(5) and (a)(8).

3. I learned the following from investigation, from interviews of contacts, victims, potential witnesses and/or suspects, and my review of law enforcement reports prepared in this case, and from discussion of this case with assisting agents. I have detailed only the facts that I believe are necessary and appropriate to establish the probable cause mandatory for an authorization of the arrest of the subject identified hereinafter.

4. On or about January 22, 2013, at approximately 00:59 a.m., a Kern County Sheriff's Department helicopter was flying at 1,010' Mean Sea Level (MSL) and 500 feet above ground level (AGL) during routine patrol in Bakersfield, California. The aircraft with a crew of two was heading in a northeast direction, headed toward Meadows Field (BFL Airport), from the area of Coffee Rd. and Hageman Rd., flying over the area of Fruitvale Ave. and Snow Rd., when struck by a green laser. The source of the laser was located to the right of the helicopter at the 3 o'clock position, later determined to be 5501 Norris Rd., Apartment 27, Bakersfield, CA. The visibility was three miles in hazy atmospheric conditions. Deputy Pilot Kevin Austin (hereinafter Deputy Austin) and Tactical Flight Observer/Deputy Justin Weidenkopf (hereinafter Deputy Weidenkopf) observed a green laser strike the aircraft four times, and the laser never changed colors during their exposure. Deputy Austin made an evasive maneuver with the helicopter, but the beam of the laser followed (tracked the aircraft) them. Both Deputy Austin and Deputy Weidenkopf stated they were approximately one quarter mile away from the light source, which was at their 3 o'clock position from their aircraft. Deputy Austin and Deputy Weidenkopf stated the light came directly from the light source through a west facing, upstairs northwest corner apartment window, and seemed to track their path. Deputy Austin and Deputy Weidenkopf stated they were exposed to the laser approximately 20 seconds, during which time Deputy Austin was forced to look away from the aircraft's course and gauges, due to flash-blindness and glare. Deputy Austin and Deputy Weidenkopf said they experienced flash-blindness and glare with and without the use of night vision goggles (NVGs). Deputies Austin and Weidenkopf flew toward the laser's point of origin. Deputies Austin and Weidenkopf were able to identify the apartment of origin at 5501 Norris Rd. Deputy Weidenkopf requested Kern County

Sheriff's Office patrol units to respond to the location and directed patrol units to the apartment. Deputy Austin saw no one leave the apartment while awaiting patrol units to arrive.

On January 22, 2013, I reviewed Kern County Sheriff's Office report SR13-02025, by Deputies Phan and Berthiaume. Deputy Phan was notified by the flight crew of the Kern County Sheriff's helicopter that someone was pointing a laser at their aircraft. Deputies Phan and Berthiaume went to the Springwood Court Apartments at 5501 Norris Rd., Apartment 27, Bakersfield, CA. Other deputies were already at the residence talking to BRETT SCOTT and had located two laser pointers in the apartment. The deputies were identified as Young (201376) and Tucker (200829). According to Deputy Phan's report, Deputies Young and Tucker made the initial contact with SCOTT and seized two lasers from the apartment.

Deputy Phan read SCOTT his Miranda rights verbatim from Kern County Sheriff's card #710. SCOTT said, "Yes" to each question. Deputy Phan asked SCOTT if he had read the warning label on the laser and/or the accompanying paperwork that was packaged with the laser. SCOTT said, "No." Deputy Phan asked SCOTT if he was the actual owner of the laser. SCOTT said, "Yeah." Deputy Phan asked SCOTT if he knew it was wrong to point the laser at people. SCOTT said, "Yes, I do." Deputy Phan asked SCOTT if he knew to avoid eye contact with the laser beam. SCOTT said, "Yes." Deputy Phan asked SCOTT why he pointed the laser at the Sheriff's Office helicopter and SCOTT said he did not know the helicopter could see him pointing the laser at them. Deputy Phan asked SCOTT how long he pointed his laser at the helicopter, and SCOTT said he pointed it at the helicopter for approximately one minute. According to Deputy Phan's report, SCOTT also admitted to him that SCOTT had pointed his laser at the Sheriff's helicopter on multiple occasions in the past.

Deputy Phan asked SCOTT which laser he pointed at the helicopter and SCOTT said his green laser. Deputy Phan asked SCOTT why he had the lasers and SCOTT stated he bought the lasers to use to show his daughter the constellations at night. Deputy Phan ended his interview with SCOTT.

Deputy Phan confirmed with the flight crew they were struck with a green laser and the flight crews provided the above details to Deputy Phan for this incident.

4

Deputy Phan seized one green and one purple laser, along with two photographs. Deputy Phan later booked the lasers into the Kern County Sheriff's Office Property Room as evidence. Deputy Phan maintained care and custody of the photographs until he uploaded the photographs to the Technical Investigator share drive.

BRETT LEE SCOTT was arrested and booked into the Kern County Sheriff's Jail facility on four counts of violating California Penal Code Section 247.5, Discharge Laser at Aircraft. SCOTT is currently out on bail, awaiting a preliminary hearing, scheduled in Kern County Superior Court, Bakersfield, California, on March 5, 2013.

On February 27, 2013, I reviewed the Kern County Sheriff's Office Supplemental Report completed by Deputy Ken Young (201376). Deputies Young and Tucker (200333) were sent to 5501 Norris Rd., Apt. 27, Bakersfield, CA, regarding a subject pointing a laser at the Kern County Sheriff's helicopter. Upon arrival at the apartment, Deputy Young contacted BRETT SCOTT and told SCOTT he and Deputy Tucker were investigating a crime and needed to speak with SCOTT. Deputy Young asked if the deputies could go inside the residence. SCOTT said, "Sure." Once inside the apartment, Deputy Young went to the north facing kitchen window and shined his flashlight out the window and into the air. Deputy Young asked the KCSO Air Unit if they could see his light, and if it was the same window they saw the laser in. The Air Unit confirmed it was the same window.

Deputy Young informed SCOTT of the severity of the crime they were investigating and needed SCOTT to be honest. SCOTT said he understood and promised to be truthful. Deputy Young asked SCOTT where the laser was, that he used to point at the KCSO helicopter. SCOTT retrieved a basket from a shelf in the dining area of the kitchen. SCOTT removed two laser pointers which resembled a pen. Deputy Young asked SCOTT if he could see it. SCOTT handed it to Deputy Young. Deputy Young identified the laser pointer as having a green laser, and retained the laser in his care and custody until Deputy Phan arrived and took over the investigation. The laser was then given to Deputy Phan. As indicated below, both lasers were seized as evidence.

On January 22, 2013, I received an email from Deputy Kevin Austin providing me with information of Deputy Austin and his Tactical Flight Officer (TFO), Deputy Justin Weidenkopf,

having been struck by a laser in the early morning hours of January 22, 2013. Deputy Austin told me he and Deputy Weidenkopf were flying back to the Kern County Sheriff's Office hanger when they were illuminated by a green laser coming from 5501 Norris Rd. Deputy Austin told me he and Deputy Weidenkopf were able to pinpoint the exact window of an apartment where the laser was coming from (point of origin). Deputy Austin told me he and Deputy Weidenkopf requested ground units to assist, and when the ground units arrived they directed deputies to the upstairs apartment at 5501 Norris Rd., Apt. 27.

Deputy Austin told me deputies spoke with the sole occupant in the apartment, identified as BRETT SCOTT (DOB: 8-2-87), who admitted to shining the laser at the sheriff's helicopter not only during this incident, but several times in the past. Deputy Austin told me deputies recovered two lasers, one green which was the color of the laser he and Weidenkopf this morning, and a purple or violet colored laser. Deputy Austin further told me he has been lased with green and violet-colored lasers coming from those apartments several times in the past six months, but, during the those incidents, he and his TFO were usually on priority calls and unable at the time to direct units to the location or pinpoint exactly which apartment complex they originated from. Deputy Austin told me on this morning they were close enough to see the exact location of the source. He also said, unfortunately, the past laser strikes were not documented. Deputy Austin told me none of these laser strikes has affected his vision during or after each strike, but the air support unit has been targeted aggressively by laser strikes from this apartment complex for the past six months.

On January 25, 2013, I was not able to contact Deputy Austin for interview regarding further investigation of the laser incident. I sent an email to Deputy Austin and requested he provide some additional information. Deputy Austin explained that all four laser strikes were into the helicopter cockpit. Deputy Austin explained the acronym "MSL" to be Mean Sea Level altitude. Deputy Austin explained where the air craft was flying from, their destination, and the relationship of the laser point of origin with reference to the helicopters location. Deputy Austin stated no one left the apartment where Scott was contacted from the time they were lased to the point where patrol units had established contact with Scott. Deputy Austin identified the location of the point of origin for the laser to be from an upstairs apartment west facing, corner window.

In addition, Deputy Austin provided that the Kern County Sheriff's Air Support Unit has been actively targeted for the past six months from the same apartment complex, further explaining he has been lased on numerous occasions while flying with Deputy Weidenkopf, Deputy C.J. Martin, and Deputy John McAdoo, and, in addition, Deputy Pilot Randy Turman has also been lazed from the same location, as well.

Deputy Austin further explained, because he had been lased from this location in the past, he was watching the apartment when he saw the laser tracking their helicopter, and had lowered his night vision goggles (NVGs), as did Deputy Weidenkopf, before the laser struck the aircraft and to minimize further risk of injury. Deputy Austin said neither he nor Deputy Weidenkopf experienced any flash-blindness since they were both prepared. Deputy Austin said he looked out of the left side of the aircraft to avoid being stuck in the eyes, but still had his NVGs lowered just in case. Deputy Austin explained NVGs will not protect peripheral vision, and looking away was the best option while Deputy Weidenkopf pinpointed the source.

Deputy Austin told TFO Willis that last year he and C. J. Martin were flying Air 1 and were on a high priority call in the area of Fruitvale Ave. and Patton Way, north of Olive Dr., when they were lased by a purple or violet laser. Deputy Austin said they could track the source to the same apartment complex as in this incident, but could not pinpoint the exact building or window. Deputy Austin said he has since been lased several times, but the incident with the purple laser was the worst he had ever experienced. Deputy Austin described the purple laser as being very distracting, so distracting that he and Deputy Martin had to depart the area of the high priority call. Deputy Austin stated there were no ground units to assist, because they were all at the call he had to leave. He said the BFL Tower had closed for the night but radioed a SkyWest regional jet landing at Meadows Field, and warned them of the purple laser. Deputy Austin said, as a result of the incident involving the purple laser, he did suffered flash-blindness that lasted a few minutes and did not seek medical attention.

5. Based upon the foregoing, I respectfully submit there is probable cause to believe that BRETT LEE SCOTT did knowingly aim the beam of a laser device at an aircraft or its flight path, in violation of Title 18, United States Code, Section 39A; and did willfully interfere, or attempt to

7

interfere, or disable or attempt to disable, with reckless disregard for the safety of human life, anyone engaged in the authorized operation of an aircraft in the Special Aircraft Jurisdiction of the United States, defined at Title 49, United States Code, Section 46501(2), as any aircraft in flight in the United States, or any civil aircraft used, operated, or employed in interstate commerce, in violation of Title 18, United States Code, Sections 32(a)(5) and (a)(8).

*Marty Willis*

Marty R. Willis
Special U.S. Deputy Marshal,
Federal Bureau of Investigation

SWORN TO BEFORE ME, AND SUBSCRIBED IN MY PRESENCE THIS 4th DAY OF MARCH, 2013.

*Jennifer L. Thurston*

Jennifer Thurston
U.S. Magistrate Judge

Reviewed and Approved as to Form this
4th Day of March, 2013

/s/ Karen A. Escobar
Karen A. Escobar
Assistant U.S. Attorney