BENJAMIN B. WAGNER
United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare St.
Fresno, CA 93721

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>BRETT LEE SCOTT,<br><br>                    Defendant. | CASE NO. 1:13-cr-00110 AWI BAM<br><br>PLEA AGREEMENT<br><br>DATE: May 12, 2014<br>TIME: 10:00 a.m.<br>COURT: Hon. Anthony W. Ishii |

## I.  **INTRODUCTION**

### A.     Scope of Agreement

The Indictment in this case charges the defendant with violations of 18 U.S.C. §§ 32(a)(5) and (a)(8) - Attempt to Interfere with Safe Operation of Aircraft ("Counts One through Four"); 18 U.S.C. § 39A - Aiming a Laser Pointer at an Aircraft ("Counts Five through Eight").  The Indictment also contains a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.     Court Not a Party

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

PLEA AGREEMENT                                             1

1  concerning the criminal activities of defendant, including activities that may not have been charged in

2  the Indictment.  The Court is under no obligation to accept any recommendations made by the

3  government, and the Court may in its discretion impose any sentence it deems appropriate up to and

4  including the statutory maximum stated in this plea agreement.

5      If the Court should impose any sentence up to the maximum established by the statute, the

6  defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all

7  of the obligations under this plea agreement.  The defendant understands that neither the prosecutor,

8  defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will

9  receive.

10      II.      **DEFENDANT'S OBLIGATIONS**

11      A.      **Guilty Plea**

12      The defendant will plead guilty to Count Eight, charging a violation of 18 U.S.C. § 39A -

13  Aiming a Laser Pointer at an Aircraft.  The defendant agrees that he is in fact guilty of this charge and

14  that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

15      The defendant agrees that this plea agreement will be filed with the Court and become a part of

16  the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his

17  plea should the Court not follow the government's sentencing recommendations.

18      The defendant agrees that the statements made by him in signing this Agreement, including the

19  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by

20  the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a

21  guilty plea pursuant to this Agreement.  The defendant waives any rights under Rule 11(f) of the Federal

22  Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these

23  rules are inconsistent with this paragraph or with this Agreement generally.

24  ~~The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C.~~

25  ~~§ 3143(a)(2), and agrees that he will be remanded into custody upon the entry of his plea.~~

26      B.      **Special Assessment**

27      The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering

28  a check or money order payable to the United States District Court to the United States Probation Office

1   immediately before the sentencing hearing. The defendant understands that this plea agreement is

2   voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the

3   defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money

4   to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

5   **C.   Defendant's Violation of Plea Agreement or Withdrawal of Plea**

6   If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw

7   his plea, this plea agreement is voidable at the option of the government. The government will no longer

8   be bound by its representations to the defendant concerning the limits on criminal prosecution and

9   sentencing as set forth herein. One way a cooperating defendant violates the plea agreement is to

10  commit any crime or provide any statement or testimony which proves to be knowingly false,

11  misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of

12  justice will also be a violation of the agreement. The determination whether the defendant has violated

13  the plea agreement shall be decided under a probable cause standard.

14  If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the

15  government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded

16  guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file

17  any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter

18  be subject to prosecution for any federal criminal violation of which the government has knowledge,

19  including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these

20  options is solely in the discretion of the United States Attorney's Office.

21  By signing this plea agreement, the defendant agrees to waive any objections, motions, and

22  defenses that the defendant might have to the government's decision to exercise the options stated in the

23  previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as

24  of the date of this plea agreement may be commenced in accordance with this paragraph,

25  notwithstanding the expiration of the statute of limitations between the signing of this plea agreement

26  and the commencement of any such prosecutions. The defendant agrees not to raise any objections

27  based on the passage of time with respect to such counts including, but not limited to, any statutes of

28  limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

PLEA AGREEMENT

3

1  Amendment to any counts that were not time-barred as of the date of this plea agreement.

2      In addition: (1) all statements made by the defendant to the government or other designated law

3  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

4  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

5  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

6  claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

7  Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by

8  the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.

9  By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

10      **D.   Forfeiture**

11      The defendant agrees to forfeit to the United States voluntarily and immediately all of his right

12  title and interest to the laser pointer capable of emitting a green laser and the laser pointer capable of

13  emitting a purple laser that were seized in this case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

14  § 2461.  The defendant agrees that the listed asset constitutes property that facilitated a violation of 18

15  U.S.C. § 39A.

16      The defendant agrees not to file a claim to the aforementioned property in any civil proceeding,

17  administrative or judicial, which may be initiated.  The defendant agrees to waive his right to notice of

18  any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a

19  claim in that forfeiture proceeding.

20      The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of

21  assets.  The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses

22  to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any jeopardy defense,

23  and agrees to waive any claim or defense under the Eighth Amendment to the United States

24  Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States,

25  the State of California or its subdivisions.

26      The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any

27  defenses or defects that may pertain to the forfeiture.

28

PLEA AGREEMENT                                    4

### III.   THE GOVERNMENT'S OBLIGATIONS

**A.   Dismissals**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining count in the pending Indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraph VII.B (Waiver of Appeal) herein.

**B.   Recommendations**

 1. Incarceration Range

   (a) The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense.

   (b) The government will not recommend the application of a four-level dangerous weapon enhancement pursuant to USSG Section 2A5.2(b)(1).

   (c) The government will not recommend the application of a three-level official victim enhancement pursuant to USSG Section 3A1.2.

   (d) Assuming the defendant has a CHC III, the government would agree to recommend a sentence of 24 months in custody.

 2. Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

## C.     Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

Further, other than as set forth above, the government agrees that any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable guideline range, pursuant to U.S.S.G. § 1B1.8., unless the information is used to respond to representations made to the Court by the defendant, or on his behalf, that contradict information provided by the defendant during his cooperation.

## IV.     ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

As to Count Two, Aiming a Laser Pointer at an Aircraft, in violation of 18 U.S.C. § 39A::

1.     The defendant aimed the beam of a laser pointer at an aircraft; and

2.     He did so knowingly.

The defendant fully understands the nature and elements of the crimes charged in the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.     MAXIMUM SENTENCE

### A.     Maximum Penalty

The maximum sentence that the Court can impose is 5 years of incarceration, a fine of $ 250,000, a 3 year period of supervised release and a special assessment of $100.

### B.     Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the

PLEA AGREEMENT

6

1  defendant to serve up to  2 years of additional imprisonment.

2  ## VI.   SENTENCING DETERMINATION

3  ### A.   Statutory Authority

4  The defendant understands that the Court must consult the Federal Sentencing Guidelines and
5  must take them into account when determining a final sentence.  The defendant understands that the
6  Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the
7  Sentencing Guidelines and must take them into account when determining a final sentence.  The
8  defendant understands that the Court will determine a non-binding and advisory guideline sentencing
9  range for this case pursuant to the Sentencing Guidelines.  The defendant further understands that the
10  Court will consider whether there is a basis for departure from the guideline sentencing range (either
11  above or below the guideline sentencing range) because there exists an aggravating or mitigating
12  circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing
13  Commission in formulating the Guidelines.  The defendant further understands that the Court, after
14  consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable
15  in light of the factors set forth in 18 U.S.C. § 3553(a).

16  ### B.   Guideline Calculations

17  The defendant is free to recommend to the Court whatever sentence he believes is appropriate
18  under 18 U.S.C. § 3553(a).  The government is not obligated to recommend any specific sentence.

19  ## VII.   WAIVERS

20  ### A.   Waiver of Constitutional Rights

21  The defendant understands that by pleading guilty he is waiving the following constitutional
22  rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to
23  be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to
24  testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be
25  compelled to incriminate himself.

26  ### B.   Waiver of Appeal and Collateral Attack

27  The defendant understands that the law gives the defendant a right to appeal his guilty plea,
28  conviction, and sentence.  The defendant agrees as part of his plea/pleas, however, to give up the right to

appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 60 months.  The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.C (Defendant's Violation of Plea Agreement) herein.

### C.   Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

PLEA AGREEMENT

8

## IX.   APPROVALS AND SIGNATURES

**A.   Defense Counsel:**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: _May 1 14_     _____
                                      DAVID TORRES
                                      Counsel for Defendant

**B.   Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: _May 1 2014_     _Brett Scott_
                                      BRETT LEE SCOTT, Defendant

**C.   Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: _5/2/14_     BENJAMIN B. WAGNER
                                United States Attorney

                                _Karen Escobar_
                                KAREN A. ESCOBAR
                                Assistant United States Attorney

PLEA AGREEMENT                                       9

**EXHIBIT "A"**

**Factual Basis for Plea**

    If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

    On January 22, 2013, Defendant pointed a powerful green laser at Kern County Sheriff deputy and pilot and his Tactical Flight Officer ("TFO") while they were flying Kern County Sheriff's helicopter, Air-1, at 500' above ground level ("AGL"). The laser strike caused the pilot to take evasive maneuvers; however, the beam of the laser followed or tracked the aircraft. The aircraft was struck four times. The pilot and TFO suffered flash blindness and experienced glare. Since they had been lased multiple times in the past six months with green and purple lasers from the same location, the deputies were able to identify the apartment of origin at XXXX Norris Road in Bakersfield. The pilot suffered flash blindness that lasted a few minutes when he was lased in the past with the purple laser. KCSO patrol units were then dispatched to the Norris location.

    Upon arrival, the deputies contacted Defendant and told him they were investigating a crime and asked if they could go inside the residence to speak with him. Defendant consented to their entrance. Once inside, one of the deputies went to the north facing kitchen window and shone his flashlight out the window into the air. The KCSO unit confirmed that it was the same window from which they saw the laser emanate.

    The deputies then informed Defendant of the severity of the crime and asked for his honesty. They asked where the laser was and Defendant retrieved two laser pointers, one green and one purple, from a shelf in the dining area of the kitchen.

    Upon advice and waiver of his Miranda rights, Defendant said he was the owner of the lasers and knew it was wrong to point it at people. He admitted to pointing the laser at the helicopter for one minute and further admitted to pointing it at the Sheriff's helicopter multiple times in the past.

Dated: _May 1 2014_          _Brett Scott_
                                      BRETT LEE SCOTT, Defendant